IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID BRENT TRAVIS as father** § | | **PLAINTIFF** |
| **and next friend of C.T., a minor** § | | |
| § | | |
| v. § | | **CIVIL NO.: 1:12cv173-HSO-RHW** |
| § | | |
| **CAYNE STOCKSTILL, K.S., a minor,** § | | **DEFENDANTS** |
| **RICHARD IMHOFF, CODY** § | | |
| **STOGNER, KENT KIRKLAND,** § | | |
| **WALT ESSLINGER, PICAYUNE** § | | |
| **SCHOOL DISTRICT, a/k/a** § | | |
| **PICAYUNE MEMORIAL SCHOOL** § | | |
| **DISTRICT, and JOHN DOES 1-10** § | | |

**MEMORANDUM OPINION AND ORDER GRANTING
PICAYUNE SCHOOL DISTRICT'S MOTION FOR SUMMARY
JUDGMENT AS TO PLAINTIFF'S FEDERAL LAW CLAIMS AND
REMANDING CASE TO STATE COURT**

BEFORE THE COURT is Defendant Picayune School District's Motion for Summary Judgment [86] seeking judgment as a matter of law as to each claim asserted against it under federal law. Plaintiff David Brent Travis, as father and next friend of C.T., has filed a Response [90], and Defendant Picayune School District has filed a Reply [91]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court is of the opinion that Defendant Picayune School District's Motion [86] should be granted. Plaintiff's federal claims against Defendant Picayune School District should be dismissed with prejudice, and this case should be remanded to the Circuit Court of Pearl River County, Mississippi.

1

I. BACKGROUND

A.  Factual Background

During the 2010-2011 school year, C.T. was a freshman member of the junior varsity baseball team at Picayune Memorial High School ("PMHS"). Aff. of C.T. ¶¶1, 8 [90-3]. Defendant Cayne Stockstill was the head coach of PMHS's baseball teams during that time. Aff. of Cayne Stockstill ¶3 [86-2]. Defendants Richard Imhoff and Cody Stogner were assistant coaches. Aff. of C.T. ¶6 [90-3]; Aff. of Cody Stogner ¶2 [47-3]. Defendant K.S. was an upper-class member of PMHS's varsity baseball team. Second Am. Compl. 4 [44].

On January 29, 2011, an incident occurred between K.S. and C.T. Aff. of Cayne Stockstill ¶4 [86-2]. According to Plaintiff, K.S. intentionally and violently punched C.T. in the ribs causing injuries to C.T. Second Am. Compl. 4 [44]. Stockstill was not in the locker room when the incident occurred but was later told about the incident. Aff. of Cayne Stockstill ¶¶4-5 [86-2]. Stockstill "conducted an investigation and interviewed several members of the baseball team" and received conflicting reports as to what transpired between K.S. and C.T. *Id*. at ¶6. Stockstill recalls being told that K.S. and C.T. may have had a dispute at the water fountain or may have been horsing around. *Id*. Stockstill subsequently held a team meeting in which he instructed the team members to keep their hands to themselves. *Id*. at ¶7. Stockstill recalls suspending K.S. for one game, making him run additional laps during practice, and instructing him to stay away from C.T. *Id*. Other than the January 29, 2011, incident, C.T. did not report to Stockstill that C.T. was being

harassed by K.S. or any member of the baseball team. *Id*. at ¶9. Plaintiff nevertheless claims that K.S. "continued taunting and verbally harassing C.T. for the remainder of the season." Second Am. Compl. 4 [44].

According to C.T., freshmen on PMHS's baseball teams were routinely subjected to hazing and physical violence. Aff. of C.T. ¶¶3-8 [90-3]. Freshmen would be punched in the chest prior to games, pushed and harassed on their birthdays, and singled out by upper-class members of the team for hazing. *Id*. Prior to his freshman year, C.T. had heard of "whistle day" which involved freshmen players being singled out and hazed by the upper-classmen while coaches were present, but C.T. does not state that he ever experienced a "whistle day" himself. *Id*. at ¶8; Aff. of Justin Pigott ¶7 [90-1]; Aff. of Micah Hickman ¶¶7-8 [90-2]. C.T. believes that the baseball coaches "had to know about the hitting and hazing" given the way the coaches talked and the comments they made about freshmen, but claims the coaches "never did anything to stop the hazing, harassment, or assaults." Aff. of C.T. ¶¶9-10 [90-3].

B.  Procedural Background

On January 27, 2012, Plaintiff David Brent Travis, as father and next friend of C.T. ("Plaintiff"), sued Defendants in the Circuit Court of Pearl River County, Mississippi. Compl. 1 [2-2]. Plaintiff filed a First Amended Complaint on May 11, 2012, and Defendants removed the case to this Court on May 31, 2012. Notice of Removal 1 [1]. Plaintiff filed a Second Amended Complaint [44] on October 9, 2012, in which he asserts pursuant to 42 U.S.C. § 1983 a substantive due process

violation, an equal protection violation, and a Fourth Amendment violation. Second Am. Compl. 8-11 [44]. Plaintiff also asserts claims of negligence, gross negligence, assault and battery, infliction of emotional distress, civil conspiracy, and negligent supervision under Mississippi law. *Id.* at 5-8.

On October 12, 2012, Stockstill, Imhoff, Stogner, Kirkland, and Esslinger ("the Individual Defendants") filed their Motion for Qualified Immunity [47]. This Court granted the Motion [47], finding that Plaintiff had "not alleged sufficient facts to state a constitutional violation in order to succeed on his claims" against the Individual Defendants in their individual capacities. Mem. Op. and Order Granting in Part and Denying in Part Defs.' Mot. for Qualified Immunity and to Dismiss State Law Claims 7-8 [84]. The Court concluded that the Individual Defendants were entitled to qualified immunity and granted the Motion [47], but declined to dismiss Plaintiff's state law claims. *Id.* at 14.

Defendant Picayune School District ("the District") now moves for summary judgment as to Plaintiff's remaining federal claims. Mem. Br. in Supp. of Picayune School District's Mot. for Summ. J. 3 [87]. The District primarily reasons that the Court's previous conclusion that the alleged assault upon Plaintiff was committed by a private actor precludes Plaintiff from establishing the requisite constitutional violation such that Plaintiff's § 1983 claims fail as a matter of law. *Id.* at 7-9.

In Response [90], Plaintiff argues that the District knew of but did nothing to stop the series of events which led to the hazing of freshmen baseball players at PMHS, including Plaintiff. Resp. in Opp'n 5-7 [90]. Plaintiff contends that the

alleged hazing violated his Fourteenth Amendment "right to be free from state occasioned damage to his bodily integrity" because it was "clearly arbitrary and conscious-shocking . . . ." *Id.* at 7-8. Plaintiff claims that the District's student handbook created a "special relationship" with Plaintiff. *Id.* at 9. Plaintiff posits that the District created a dangerous situation by allowing and encouraging the alleged hazing. *Id.* at 10-12. Plaintiff also asserts that the allegations in the Second Amended Complaint establish that the District had a policy or custom of hazing freshmen baseball players such as C.T. *Id.* at 12-13.

## II. DISCUSSION

A. <u>Legal Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that there exists a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Technologies USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In considering a motion for summary judgment, the Court "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E&P*

*USA Inc. v. Kerr-McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

"There is no material fact issue unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law[, and an] issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Hamilton*, 232 F.3d at 477 (citing *Anderson*, 477 U.S. at 248). "[M]ere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). "The court has no duty to search the record for material fact issues." *RSR Corp.*, 612 F.3d at 858. The party opposing summary judgment must "identify specific evidence in the record and [] articulate precisely how this evidence supports his claim." *Id*.

B.  Analysis

   1.  Plaintiff's Inability to Demonstrate a Constitutional Violation Precludes Plaintiff's § 1983 Claims against Defendant Picayune School District

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)). Where a plaintiff does

not state or otherwise show a constitutional violation, "there exists no liability to pass through to the" government entity. *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

In concluding that the Individual Defendants were each entitled to qualified immunity, this Court pointed out that a public school does not owe a constitutional duty to ensure the safety of students from violence by private actors. Mem. Op. and Order Granting in Part and Denying in Part Defs.' Mot. for Qualified Immunity and to Dismiss State Law Claims 7 [84] (citing *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 858 (5th Cir. 2012) (en banc)). The Court concluded that Plaintiff had "not alleged sufficient facts to state a constitutional violation in order to succeed on his claims" against the Individual Defendants. *Id*. at 7-8. This conclusion renders the District entitled to judgment as a matter of law as to Plaintiff's remaining federal claims. *See, e.g.*, *Reasonover v. Wellborn*, 195 F. Supp. 2d 827, 831 (E.D. Tex. 2001) (finding county entitled to summary judgment because defendant-deputies did not commit a constitutional violation and thus the county could not be liable to the plaintiff) (citing *Heller*, 475 U.S. at 799).

  2. <u>Plaintiff's Substantive Due Process Claim</u>

Plaintiff claims that the Picayune School District is liable pursuant to § 1983 for violations of C.T.'s right to substantive due process, equal protection, and his Fourth Amendment rights. Second Am. Compl. 8-11 [44]. It is undisputed that the physical injuries Plaintiff contends C.T. suffered were inflicted by private actors who were C.T.'s teammates on the PMHS baseball team. These claims therefore

should be analyzed only as substantive due process claims.[1] *Covington*, 675 F.3d at 853 ("[T]he limited right to state protection from private violence arises out of the substantive due process component of the Fourteenth Amendment, not equal protection or procedural due process.") (citing *DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 200 (1989)). Because the District did not have a constitutional duty to protect C.T. from private actors, Plaintiff has not demonstrated a constitutional violation sufficient to support a substantive due process claim against the District. *See Lyford*, 243 F.3d at 191 n.18 (citing *Heller*, 475 U.S. at 799).

    a.    <u>The "Special Relationship" Theory Does Not Give Rise to a Constitutional Violation</u>

Plaintiff now attempts to establish a constitutional violation by the Picayune School District on the theory that a "special relationship" was created between C.T. and the District by virtue of statements contained in the District's student handbook which describe the school's relationship with its students as "*in loco parentis*." Resp. in Opp'n 7-9 [90], Ex. "D" [90-4]. Plaintiff's reliance on this contention is misplaced. It is well-settled that public schools do not have a special relationship with their students requiring those schools to ensure that students are safe from private actors. *See, e.g., Covington*, 675 F.3d at 857-61 (citing *DeShaney*, 489 U.S. at 200). The statements in the handbook do not create such a special relationship. *See id.* at 859 (A special relationship between the state and a person

---

[1] Although the Court concludes that Plaintiff's purported equal protection claim and Fourth Amendment claim should be analyzed as substantive due process claims, the Court will briefly pass upon those claims below.

has been found to exist only where "the state has, through an established set of laws and procedures, rendered the person in its care completely unable to provide for his or her basic needs and it assumes a duty to provide for these needs."). Accordingly, Plaintiff's special relationship theory does not preclude summary judgment as to his substantive due process claim.

    b.    The "State-Created Danger" Theory Does Not Give Rise to a Constitutional Violation

Plaintiff argues that the "state-created danger" theory applies to render the Picayune School District liable for a constitutional violation. While the Fifth Circuit has left open the possibility of doing so, it has yet to adopt the "state-created danger" theory. *Id.* at 865-66. Even if the state-created danger theory were viable, however, Plaintiff has not proffered sufficient evidence to create a triable question of fact based on that theory. "A state-created danger theory requires (1) 'th[at] defendants used their authority to create a dangerous environment for the plaintiff' and (2) 'that the defendants acted with deliberate indifference to the plight of the plaintiff.'" *Estate of Lance v. Lewisville Indep. Sch. Dist.*, 743 F.3d 982, 1002 (5th Cir. 2014) (quoting *Covington*, 675 F.3d at 865).

> The second element is then subdivided into three prongs, which combine to subsume the first original element, specifically, a plaintiff would have to show that "(1) the environment created by the state actor is dangerous, (2) the state actor must know it is dangerous (deliberate indifference), and (3) the state actor must have used its authority to create an opportunity that would not otherwise have existed for the third party's crime to occur."

*Id.* (quoting *Dixon v. Alcorn Cnty. Sch. Dist.*, 499 F. App'x 364, 366-67 n.3 (5th Cir. 2012)).

With respect to the third element, the District did not "use[] its authority to create an opportunity that would not otherwise have existed for" K.S.'s actions. Examples of conduct satisfying this element include "placing a plaintiff in a dangerous environment stripped of means of defense and cut off from sources of aid, or placing a plaintiff in a unique, confrontational encounter with a violent criminal." *Young v. Austin Indep. Sch. Dist.*, 885 F. Supp. 972, 979 (W.D. Tex. 1995) (citing *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 202 (5th Cir. 1994)). There is no evidence that either K.S. or any other member of the baseball team were violent criminals. Both the District's student complaint procedure related to bullying and harassment and C.T's ability to report incidents directly to his baseball coaches provide sources of aid to students such as C.T. See Ex. "A" to Mot. for Summ. J. [86-1], Aff. of Cayne Stockstill ¶9 [86-2]. There is insufficient evidence that the District created "an opportunity that would not otherwise have existed for" K.S.'s actions. *Estate of Lance*, 743 F.3d at 1002 (concluding that the state-created danger theory as applied to students' bullying of fourth grade student who committed suicide at school was inapplicable because the defendant school did not create an opportunity for the student to be bullied that would not otherwise have existed) (citing *Johnson*, 38 F.3d at 201).

The evidence is also insufficient to establish that the District was deliberately indifferent to a known dangerous situation. Plaintiff does not offer sufficient evidence to dispute that Stockstill condemned K.S.'s conduct and took action to prevent similar incidents once he received word of the January 29, 2011,

incident involving C.T. and K.S.  Aff. of Cayne Stockstill ¶¶6-7 [86-2].  In similar circumstances, the Fifth Circuit has concluded that a school district was not "deliberately indifferent."  *Estate of Lawrence*, 743 F.3d at 1002 (reasoning that plaintiff parents of fourth grade student who committed suicide allegedly as a result of bullying by students failed to establish the school district was deliberately indifferent because there was evidence that the district attempted to alleviate tensions between the plaintiffs' decedent and the students who allegedly bullied him).  The state-created danger theory does not support Plaintiff's claim that a constitutional violation occurred.  *See J.D. v. Picayune Sch. Dist.*, 1:11cv514-LG-JMR, 2013 WL 2145734, at *7 (S.D. Miss. May 15, 2013) (reasoning that freshman member of PMHS baseball team "was one of many students who faced a risk of harm due to the school's allegedly inadequate response to hazing[]" and thus could not be considered a "known victim" as is necessary to assert a state-created danger theory of recovery).

      3.    <u>Plaintiff's Equal Protection Claim</u>

The Fourteenth Amendment's Equal Protection Clause requires that all persons similarly situated be treated the same.  *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996) (citations omitted).  The essence of Plaintiff's equal protection claim is that C.T. was treated differently than similarly situated freshmen at PMHS because the upper-class members of the baseball team were not punished in accordance with school policy.  Second Am. Compl. ¶¶52-56 [44].  Because the Court has already concluded that the District did not have a

constitutional duty to protect C.T. or other students, Plaintiff's equal protection claim against the District cannot proceed. *See Lyford*, 243 F.3d at 191 n.18 (citing *Heller*, 475 U.S. at 799). Picayune School District is entitled to summary judgment as to Plaintiff's equal protection claim.

    4.    <u>Plaintiff's Fourth Amendment Claim</u>

Where there is no evidence in the record of a "seizure," a Fourth Amendment claim fails. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996). Because Plaintiff has not produced any evidence that the District actually seized C.T., Plaintiff's Fourth Amendment claim cannot withstand summary judgment.

    5.    <u>Supplemental Jurisdiction</u>

When a case presents a federal question, a federal court has supplemental jurisdiction over state law claims which are part of the same case or controversy. *See* 28 U.S.C. § 1367(a) (2012). Plaintiff has attempted to advance federal claims against all Defendants except K.S. Stockstill, Imhoff, Stogner, Kirkland, and Esslinger have previously established they are entitled to qualified immunity with respect to Plaintiff's federal claims. Mem. Op. and Order Granting in Part and Denying in Part Defs.' Mot. for Qualified Immunity and to Dismiss State Law Claims 15 [84]. Because the District has proven that it is entitled to judgment as a matter of law as to Plaintiff's remaining federal claims, the question arises whether the Court should continue to exercise supplemental jurisdiction over Plaintiff's state law claims, which are all that remain for resolution in this case.

"[T]he mandatory nature of 28 U.S.C. § 1367(a) . . . provides that a district court 'shall' have supplemental jurisdiction over claims 'so related to' claims within the court's original jurisdiction." *Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 and No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) (hereinafter, "*Certain Underwriters at Lloyd's, London*"). This Court is permitted to decline to exercise jurisdiction where it "dismisse[s] all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3) (2012). The Fifth Circuit has announced the "'general rule' [is] that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case." *Certain Underwriters at Lloyd's, London*, 461 F.3d at 578.

This case was originally filed in the Circuit Court of Pearl River County, Mississippi, on January 27, 2012. Compl. 1 [2-2]. Defendants removed the case to this Court on May 31, 2012. Notice of Removal 1 [1]. The parties briefly conducted discovery between July and September 2012, and on October 10, 2012, the Individual Defendants moved for qualified immunity and to stay the case pending resolution of their qualified immunity defense. Defs.' Emergency Mot. to Stay Case 1 [49]. After this Court issued its Order granting qualified immunity to the Individual Defendants, the District shortly thereafter indicated its intention to file a motion for summary judgment, and the District moved for summary judgment as to Plaintiff's federal claims on October 11, 2013. To the Court's knowledge, very little discovery has been conducted while the case has been pending in this Court.

Because the only claims remaining are strictly ones arising under state law, the Court is of the opinion that it should decline to exercise supplemental jurisdiction over those claims. Accordingly, the Court will remand the remaining state law claims to the Circuit Court of Pearl River County, Mississippi.

### III. CONCLUSION

For the foregoing reasons, Defendant Picayune School District is entitled to judgment as a matter of law as to each of Plaintiff's federal claims, and those claims will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Picayune School District's Motion for Summary Judgment as to Plaintiff's Federal Law Claims is **GRANTED** and Plaintiff's federal claims against the District are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's state law claims for negligence, gross negligence, assault and battery, infliction of emotional distress, civil conspiracy, and negligent supervision are remanded to the Circuit Court of Pearl River County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of that state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 12th day of September, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE